'FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 JUL -6  PM 3: 18

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

*************************************

| | | |
|---|---|---|
| **CHRISTINE B. ADAMS,** | * | **CIVIL ACTION NO.** |
| **RONELL B. SAVOIE,** | * | |
| **DONNA R. NAQUIN,** Plaintiffs | * | **04-1909** |
| **MATT RODRIGUE,** | | |
| **AND LISA R. VEDROS,** | | |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | **SECT. F MAG. 2** |
| **TUFAMERICA, INC., AKA, TUFF CITY;** | | |
| **TUFF CITY/NIGHT TRAIN INTERNATIONAL;** | | |
| **NIGHT TRAIN INTERNATIONAL;** | * | |
| **OCEAN PARK MUSIC GROUP;** | * | |
| **FOX 2000 PICTURES;** | * | **MAGISTRATE:** |
| **STATE STREET PICTURES;** | * | |
| **20th CENTURY FOX HOME ENTERTAINMENT;** | | |
| **20th CENTURY FOX de ARGENTINA;** | | |
| **GATIVIDEO;** | * | |
| **HISPANO FOXFILMS S.A.E.;** | * | |
| **TWENTIETH CENTURY FOX FILM CORPORATION;** | | |
| **UGC FOX DISTRIBUTION;** | * | |
| **HOME BOX OFFICE,** | | |
| **A DIVISION OF TIME WARNER ENTERTAINMENT COMPANY, L.P.;** | | |
| **TIME WARNER ENTERTAINMENT COMPANY, L.P.;** | | |
| **AARON FUCHS; DOES 1-20;** Defendants | | |

* * * * * * * * * * * * * * * *

## COMPLAINT

NOW INTO COURT comes CHRISTINE B. ADAMS, RONELL B. SAVOIE, DONNA

R. NAQUIN, MATT RODRIGUE, AND LISA R. VEDROS, persons of full age of majority and residents of the State of Louisiana, who respectfully represent as follows:

1.

## JURISDICTION

Jurisdiction of this Court with respect to claims for copyright infringement is based upon 17 U.S.C. § 501.  Jurisdiction over claims under the laws of the State of Louisiana and the claims for foreign copyright infringement and foreign moral rights are based on the supplemental jurisdiction of this court.

2.

Made defendants herein are:

1.   TUFAMERICA, INC., AKA, TUFF CITY, a foreign corporation doing business within the jurisdiction of this Honorable Court.

2.   TUFF CITY/NIGHT TRAIN INTERNATIONAL, a foreign corporation doing business within the jurisdiction of this Honorable Court.

3.   NIGHT TRAIN INTERNATIONAL, a foreign corporation doing business within the jurisdiction of this Honorable Court.

4.   OCEAN PARK MUSIC GROUP, a foreign corporation doing business within the

-2-

jurisdiction of this Honorable Court.

5.    FOX 2000 PICTURES, a foreign corporation doing business within the jurisdiction of this Honorable Court.

6.    STATE STREET PICTURES, a foreign corporation doing business within the jurisdiction of this Honorable Court.

7.    20th CENTURY FOX HOME ENTERTAINMENT, a foreign corporation doing business within the jurisdiction of this Honorable Court.

8.    20th CENTURY FOX de ARGENTINA, a foreign corporation doing business within the jurisdiction of this Honorable Court.

9.    GATIVIDEO, a foreign corporation doing business within the jurisdiction of this Honorable Court.

10.    HISPANO FOXFILMS S.A.E, a foreign corporation doing business within the jurisdiction of this Honorable Court.

11.    TWENTIETH CENTURY FOX FILM CORPORATION, a foreign corporation doing business within the jurisdiction of this Honorable Court.

12.    UGC FOX DISTRIBUTION, a foreign corporation doing business within the jurisdiction of this Honorable Court.

-3-

13.    HOME BOX OFFICE, A DIVISION OF TIME WARNER ENTERTAINMENT

COMPANY, L.P., a foreign corporation doing business within the jurisdiction of this Honorable

Court.

14.    TIME WARNER ENTERTAINMENT COMPANY, L.P., a foreign corporation

doing business within the jurisdiction of this Honorable Court.

15.    AARON FUCHS, an individual believed to be a New York resident.

16.    JOHN DOES 1-20, unknown individuals and corporations at this time.

3.

This claim arises under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

(hereinafter, the "Copyright Act").  Subject matter and personal jurisdiction is vested in this

Court pursuant to 28 U.S.C. § 1338 (a), and venue in this judicial district is proper under 28

U.S.C. § 1400 (a).

4.

Plaintiffs are the heirs and successors of Eugene Joseph Rodrigue, Sr., a professional

musician, recording artist,  and songwriter who authored and recorded many original musical

compositions, including the original musical composition entitled, "Will You Be There", (may

hereinafter be sometimes referred to as "Mr. Rodrigue's Original Composition").

5.

Plaintiffs hold the copyrights on all of Mr. Rodrigue.'s original musical compositions, including the original musical composition and the sound recording entitled, "Will You Be There"

## FIRST CAUSE OF ACTION

(INFRINGEMENT BY REPRODUCTION OF MR. RODRIGUE'S ORIGINAL COMPOSITION ENTITLED "WILL YOU BE THERE")

6.

Plaintiffs were suddenly approached in August 2001, by representatives of defendants who sought to enter into a draft licensing agreement with plaintiffs for certain rights to Mr. Rodrigue's copyrights.

7.

At no time did plaintiffs give their assent, either verbal or written, to allow defendants,  to reproduce, distribute, make any derivative works, license, or otherwise make any commercial use of any of Mr. Rodrigue's original compositions,  including the original musical composition

entitled, "Will You Be There".

8.

The draft licensing agreement which the defendants presented to the plaintiffs was written in favor of defendant TUFAMERICA, INC., AKA, TUFF CITY, and contained the following provisions, among others:

> *"1. Tuff City agrees to identify parties exploiting Rodrigue's copyrights.*
> *2. Tuff City will, after identifying parties exploiting Rodrigue's copyrights, notify those parties of Tuff City's ownership of Rodrigue's copyrights, and ensure that Rodrigue is being properly compensated."*

9.

However, unbeknownst to plaintiff, defendants had already wilfully misappropriated and copied without authorization Eugene Rodrigue, Sr.'s original musical compositions, including the original musical composition and sound recording entitled, "Will You Be There", by including it in the soundtrack of the previously released major motion picture, "Men of Honor", starring Robert DeNiro and Cuba Gooding, Jr., (hereinafter referred to as "the infringing motion picture"). Defendants produced and/or distributed thousands and thousands of copies of plaintiffs' copyrighted property without permission or compensation . Defendants produced and

-6-

continue to produce and distribute thousands of DVD's, videotapes, showings on television and cable networks, and other delivery formats, of the infringing motion picture. The infringing motion picture contains an unauthorized copy of plaintiff's original composition, "Will You Be There".

10.

Even more egregiously, defendants wilfully did not disclose to plaintiffs at the time of their August 2001 meeting or at any time thereafter the unauthorized use of the Mr. Rodrigue's sound recording of his copyrighted song "Will You Be There", in the motion picture, "Men of Honor".

11.

"Men of Honor" was produced and distributed theatrically and by other means by defendants worldwide, which distribution continues to date. The infringing motion picture grossed approximately fifty (50) million dollars as of 2001, and substantial sales continue to date on cable release, video release, videotapes, video rentals, DVD's, and other delivery formats.

12.

Unbeknownst to plaintiffs, "Men of Honor" had already been released with Eugene Rodrigue's original copyrighted music composition "Will You Be There" on the soundtrack,

-7-

before negotiations with the plaintiffs for the rights to the intellectual property had even begun.
The credits for "Men of Honor" contain the credit line:

*Will You Be There"*
*Written and Performed by Gene Rodriguez*
*Courtesy of Tuff City/Night Train International*
*By Arrangement with Ocean Park Music Group*

13.

However, this credit line was and continues to be a complete misrepresentation, since the plaintiffs had never even been approached by defendants, and had not entered into any agreement with any defendant concerning the use of "Will You Be There", at the time of the release of the infringing motion picture.

14.

No agreement or "arrangement" was ever reached by the plaintiffs with any of the defendants at the time the infringing motion picture was released. Indeed the heirs were never consulted at all by any defendant or by anyone at all concerning the defendant's use of Mr. Rodrigue's sound recording of his copyrighted song "Will You Be There", in the infringing motion picture, "Men of Honor" Therefore, Mr. Rodrigue's sound recording and song "Will You

-8-

Be There" were completely misappropriated by the defendants in the production and distribution

of all copies of the motion picture and the soundtrack to "Men of Honor".

15.

In misappropriating plaintiffs' intellectual property, intentional misconduct occurred,

since defendants knew or should have known that no rights to plaintiffs' intellectual property had

ever been obtained. Said misconduct was wilful, express, and can be inferred, since the

intellectual property was flat out misappropriated and infringed, misrepresentations in the credits

were made, and only after the song had been misappropriated, was a bad faith attempt made in

August 2001 to obtain the rights from the plaintiffs. The August 2001 attempt was made in bad

faith because intentional concealment of material facts from plaintiffs occurred. Namely, the

prior existence of the unauthorized use of the intellectual property in the infringing motion

picture was never disclosed to plaintiffs.

16.

Furthermore, in misappropriating plaintiffs' intellectual property, negligence also

occurred, since defendants knew or should have known that no rights to plaintiffs' intellectual

property had ever been obtained. Defendants were clearly negligent in not properly clearing the

intellectual property rights before the infringing motion picture's soundtrack and credits were

-9-

released for distribution. Said negligence is obvious, since the intellectual property was flat out

misappropriated and infringed, negligent misrepresentations in the credits were made, and only

after the song had been misappropriated, was a bad faith attempt made in August 2001 to obtain

the rights from the plaintiffs. The August 2001 attempt was made in bad faith because intentional

concealment of material facts from plaintiffs occurred, namely, the prior existence of the

unauthorized use of the intellectual property in the infringing motion picture was not disclosed to

plaintiffs.

17.

Plaintiffs only first learned of the wilful infringements and the intentional misconduct and

concealments described above in late January or early February, 2002, when "Men of Honor"

was seen by a plaintiff on the defendant Home Box Office television network (HBO), and

plaintiffs then recognized Mr. Rodrigue's original composition and sound recording of "Will

You Be There".

18.

Defendants created an infringing and unauthorized copy of this composition as follows:

defendants simply copied the vocal track of Mr. Rodrigue singing his own song and copied it

without authorization in the infringing motion picture.

-10-

19.

Defendants neither informed nor sought permission from plaintiffs for the use of their rights to the original copyrighted composition, and sound recording, "Will You Be There".

20.

The credits and packaging notes for the infringing motion picture, DVD's, videotapes, and copies in other formats falsely list the owners of the rights to "Will You Be There" as being "Courtesy of Tuff City/Night Train International, By Arrangement with Ocean Park Music Group".

21.

At no time did any defendant inform plaintiffs that they had made unauthorized copies of Mr. Rodrigue's original composition, "Will You Be There".   Plaintiffs had no reasonable expectation or suspicion that defendants would do or had done such a deed.

22.

Defendants have continued through the present day to distribute, sell, and promote copies of the aforementioned infringing motion picture, DVD's,  videotapes, and in other delivery formats,  thereby continuing to unjustly profit from their infringement of Mr. Rodrigue's original composition  "Will You Be There".

-11-

23.

As a direct and proximate result of the foregoing, plaintiffs are entitled to the greater of

actual damages and profits of the infringers and each of them, and alternatively for statutory

damages should plaintiffs so elect.

24.

The aforesaid actions of Defendants and each of them were wilful, and plaintiffs are

entitled to enhanced damages should plaintiffs elect statutory damages.

SECOND CAUSE OF ACTION

(INFRINGEMENT BY REPRODUCTION OF MR. RODRIGUE'S ORIGINAL SOUND

RECORDING OF HIS COMPOSITION,  "WILL YOU BE THERE")

25.

Plaintiffs reallege and incorporate by reference each and every fact and allegation

contained in paragraphs 1 through 24 above.

26.

At no time did Plaintiff s give their assent, either verbal or written, to allow defendants, to

reproduce, distribute, make any derivative works, or otherwise make any commercial use of Mr.

-12-

Rodrigue's sound recording of his own original composition, "Will You Be There".

27.

Unbeknownst to plaintiffs, defendants produced a large number of motion picture film copies, DVD's, videotapes, and in other delivery formats containing an unauthorized copy of Mr. Rodrigue's original sound recording of his original composition, "Will You Be There". Defendants created an infringing copy and unauthorized derivative work of this copyrighted sound recording by simply copying the vocal track of Mr. Rodrigue singing his own song and using it in the infringing motion picture.

28.

Defendants neither informed nor sought permission from plaintiffs for the use of Mr. Rodrigue's copyrighted sound recording in the infringing motion picture.

29.

The credits and packaging notes for the copies of the infringing motion picture, DVD's, videotapes, and in other formats falsely list the owners of the rights to "Will You Be There" as being "Courtesy of Tuff City/Night Train International, By Arrangement with Ocean Park Music Group".

-13-

30.

At no time did defendants inform plaintiffs that they had made their unauthorized use of Mr. Rodrigue's copyrighted sound recording in the infringing motion picture.

31.

Plaintiffs had no reasonable expectation, knowledge or suspicion that defendants would take Mr. Rodrigue's copyrighted sound recording and use it in an unauthorized and infringing manner in the infringing motion picture.

32.

No one known to be or purporting to be an agent, representative or promoter of any of the defendants, ever contacted plaintiffs or otherwise sought permission from plaintiffs to use  Mr. Rodrigue's copyrighted sound recording in the infringing motion picture.

33.

Defendants have continued through the present day to distribute, sell, and promote copies of the aforementioned infringing motion picture, DVD's, videotapes, and in other formats, thereby continuing to unjustly profit from their infringement of Mr. Rodrigue's original composition and sound recording "Will You Be There".

-14-

34.

As a direct and proximate result of the foregoing, plaintiff is entitled to the greater of

actual damages and profits of the infringers and each of them, and alternatively for statutory

damages should plaintiff so elect.

35.

The aforesaid actions of defendants and each of them were wilful, and plaintiffs are

entitled to enhanced damages should plaintiffs elect statutory damages.


THIRD CAUSE OF ACTION

(FOR FOREIGN COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS AND EACH OF

THEM REGARDING MR. RODRIGUE'S COPYRIGHTED COMPOSITIONS OF "WILL

YOU BE THERE", AND THE SOUND RECORDINGS THEREOF)


36.

Jurisdiction is conferred upon this Court under diversity jurisdiction and the supplemental

jurisdiction of this Court.


-15-

37.

Plaintiffs reallege and incorporate by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 36 above.

38.

All rights in foreign copyrights for Mr. Rodrigue's original composition "Will You Be There", as well as the copyrights for the sound recordings of that composition, are fully owned and controlled by plaintiffs.

39.

Defendants have caused copies of Mr. Rodrigue's original composition "Will You Be There", as well as the copyrights for the sound recordings of that composition, through the sale and distribution of copies of the infringing motion picture, DVD's, videotapes, and the other delivery formats, to be sold, distributed, and publicly performed in various countries foreign to the United States.

40.

The copying and distribution and performance of the copies of infringing motion picture, DVD's, videotapes, and the other delivery formats, constitutes copyright infringement of the laws of those foreign countries relative to Mr. Rodrigue's copyrighted compositions and sound

-16-

recordings contained therein.

41.

The Defendants knew or should have known that their actions in providing and authorizing copies of the infringing motion picture, DVD's, videotapes, and the other delivery formats, to be distributed outside of the United States would forseeably and proximately result in copyright infringement under the laws of foreign countries of Mr. Rodrigue's copyrighted compositions and sound recordings contained therein.

42

The distributing, selling, copying, and the authorizing thereof, of the infringing motion picture, DVD's, videotapes, and the other delivery formats, containing Mr. Rodrigue's copyrighted material contained therein, within countries foreign to the United States, constitutes copyright infringement of the laws of those foreign countries.

43

Plaintiffs intend to introduce evidence at trial regarding the laws of copyright of various countries in support of its claims of foreign copyright infringement.

-17-

44

As a direct and proximate result of the copying, distribution and sale to and within foreign countries, plaintiffs are damaged by the defendants and each of them in a sum, presently unknown, in an amount to be determined at trial. Plaintiffs will seek leave to insert the exact amount when the same are known.

45.

Plaintiffs are entitled to the profits of the defendants and each of them as a direct and proximate result of the copying, distribution, exhibition and sale to and within foreign countries of Mr. Rodrigue's copyrighted compositions and sound recordings. Plaintiffs will seek leave to insert the exact amount when same are known.

FOURTH CAUSE OF ACTION

(FOR VIOLATION OF MORAL RIGHTS AGAINST DEFENDANTS AND EACH OF THEM REGARDING MR. RODRIGUE'S COPYRIGHTED COMPOSITION OF "WILL YOU BE THERE" AND THE SOUND RECORDINGS THEREOF)

46.

Plaintiffs reallege and incorporate by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 45 above.

-18-

47.

Jurisdiction is conferred upon this Court by 28 U.S.C. § 1338 (b) and under the ancillary and pendant jurisdiction of this Court.

48.

Plaintiffs are residents of the State of Louisiana, whose law to a significant extent follows the Code Napoleon, which to some degree embraces the legal concept of inalienable moral rights.

49.

Defendants have failed to correctly credit plaintiffs with the ownership of the rights to the creation, authorship, and the sound recordings of Mr. Rodrigue's original composition and sound recording , "Will You Be There", and have used the property in an unauthorized context..

50

The failure to properly accredit plaintiff's ownership to the rights to the creation, authorship, and the sound recordings of "Will You Be There", and the use of the property in an unauthorized context is in violation of the moral rights of the plaintiffs, namely, the right of paternity, for copies of the work that were reproduced, distributed or sold in countries outside of the United States.

51

Plaintiffs intend to introduce evidence at trial regarding the laws of moral rights of copyright and allied rights of various countries in support of its claims of violations of foreign moral rights.

52.

Plaintiffs have been proximately damaged thereby in an amount presently unknown, an amount to be determined at trial.  Plaintiffs will seek leave to insert the exact amount when the same are known.

53.

Plaintiffs are entitled to the profits of the defendants and each of them as a direct and proximate result of the foregoing.  Plaintiffs will seek leave to insert the exact amount when same are known.

FIFTH CAUSE OF ACTION

(FOR UNJUST ENRICHMENT AGAINST DEFENDANTS AND EACH OF THEM)

54

Plaintiffs reallege and incorporate by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 53 above.

-20-

55.

Plaintiffs are informed and believe and on that basis alleges that defendants have derived and received substantial benefits and profits from their unauthorized use of Mr. Rodrigue's previously referenced  original compositions and sound recordings, and will continue to do so to plaintiffs' detriment. Plaintiffs are not now aware of the exact amount of defendant's profits / benefits or the full extent of plaintiffs' own loss of benefits.  Plaintiffs will seek to amend the complaint when the exact and full amount of said profits and benefits can be determined.

## SIXTH CAUSE OF ACTION

(FOR UNFAIR TRADE ACTS, FRAUD, AND DECEPTIVE TRADE PRACTICES)

56.

Plaintiffs reallege and incorporate by reference each and every fact and allegation contained in paragraphs 1 through 55 above.

57.

Defendants' use of Mr. Rodrigue's original musical composition and sound recording without permission and through deception as alleged above constitutes  unfair methods of competition, fraud, and unfair and deceptive trade practices under Louisiana Revised Statute

-21-

51:1401 et. seq., and all other applicable Louisiana law.  Defendants' depiction of the original composition and sound recordings on the infringing motion picture as being used with permission is deceptive and fraudulent.  Defendants' actions falsely suggest that plaintiffs approved of, licensed, or participated with defendants in the use of Mr. Rodrigue's original compositions and sound recordings.

58.

As a direct and proximate result of defendants' actions, plaintiffs have sustained and will continue to sustain damages and lost profits in an amount which cannot presently be ascertained but can be determined in a trial on this matter.  Plaintiffs will also amend this Complaint to set forth more precisely the nature and amount of such damages as those can be ascertained.

SEVENTH CAUSE OF ACTION

(FOR MISAPPROPRIATION BY DEFENDANTS OF MR. RODRIGUE'S COMPOSITIONS AND SOUND RECORDINGS WITHOUT CONSENT)

59.

Plaintiffs reallege and incorporate by reference each and every fact and allegation contained in paragraphs 1 through 58 above.

-22-

60.

Defendants' took the sound recordings that Mr. Rodrigue had previously made, and used it without permission or authority as detailed with specificity above, without plaintiffs' express or implied consent.

61.

Defendants' unauthorized taking of Mr. Rodrigue's original composition and sound recordings constitutes an unlawful appropriation of recorded musical performances by Mr. Rodrigue.

62.

Defendants have not paid plaintiffs for their unauthorized misappropriations of Mr. Rodrigue's original sound recording of "Will You Be There".


EIGHTH CLAIM AGAINST DEFENDANTS FOR AN ACCOUNTING

63.

Plaintiffs reallege and incorporate by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 62 above.

-23-

64.

As a proximate and direct result of the aforementioned infringements and incidents of unjust enrichment, unfair trade practices, and misappropriation benefitting the defendants, plaintiffs have been damaged in an amount particularly within the knowledge of the defendants. Plaintiffs are therefore entitled to a full accounting of all profits and benefits derived by defendants, under principles of law and equity.

WHEREFORE, plaintiffs pray that defendants be served with a copy of this Complaint, and after due proceedings had and the expiration of all legal delays therein, that this Honorable Court enter judgment against defendants, both individually and in their corporate capacity as the case may be:

On Claims Numbered One and Two for Copyright Infringement against defendants and each of them

      A)    That defendants and each of them, their agents, and servants be enjoined during the pendency of this action and permanently from infringing any and all of plaintiffs' copyrights in Mr. Rodrigue's compositions and the sound recordings of his works "Will You Be There".

      B)    That defendants and each of them, their agents, and servants be enjoined during the

-24-

pendency of this action and permanently from publishing, selling, marketing or otherwise

disposing of any products containing any copies of Mr. Rodrigue's compositions and sound

recordings "Will You Be There", or any derivative works thereof.

      C)    That defendants and each of them be required to pay the plaintiffs such damages as

plaintiffs have sustained in consequence of defendants' infringements of the above-listed

copyrights, and to account for all gains, profits, and advantages derived by defendants and each

of them by their infringements of Mr. Rodrigue's copyrights in both his compositions and his

sound recordings of his work.

      D)    Or should plaintiffs elect statutory damages under 17 U.S.C. § 504 (c),

      i.      the sum of twenty thousand dollars ($20,000.00) against defendants, and said

            amount to be enhanced to an amount deemed just and reasonable in the premises

            against defendants in view of the willful, intentional, deceptive, and bad faith

            infringement of plaintiff's copyright in his original composition  "Will You Be

            There".

            the sum of twenty thousand dollars ($20,000.00) against defendants, and said

            amount be enhanced to be enhanced to an amount deemed just and reasonable in

            the premises against defendants in view of the willful, intentional, deceptive, and

-25-

bad faith infringement of plaintiff's copyright in his original sound recording of "Will You Be There".

E) That defendants and each of them be required to deliver up to be impounded during the pendency of this action all copies of the infringing motion picture, or any other product, use, or item which contains any copy or derivation of any of Mr. Rodrigue's above-referenced copyrighted works.

F) That defendants pay to plaintiffs the costs of this action and reasonable attorney's fees to be allowed to the plaintiffs by this Honorable Court.

G) For interest from the date of infringement at the legal rate according to proof.

On the Third Claim for Foreign Copyright Infringement against Defendants and each of them

H) That the defendants and each of them, their agents, and servants be enjoined during the pendency of this action and permanently from infringing said foreign copyrights of plaintiffs in any manner, and from copying, distributing, publishing, selling, marketing or otherwise disposing of any copies of the infringing motion picture, DVD's, CD's, videotapes, and all other formats, or any other product, use, or item which contains any copy or derivation of any of Mr. Rodrigue's above-referenced copyrighted works.

-26-

I)      That defendants and each of them be required to pay to plaintiffs such damages as plaintiffs have sustained in consequence of defendants' infringement of said foreign copyrights and to account for all gains, profits, and advantages derived by defendants and each of them by their infringement of plaintiffs' copyright or such damages as to this Honorable Court shall appear proper and reasonable in the premises.

J)      For attorney's fees.

K)      For a permanent injunction

L)      For interest from the date of infringement at the legal rate according to proof.

On the Fourth Claim for Violation of Foreign Moral Rights Against Defendants and each of them

M)      That defendants and each of them, their agents, and servants be enjoined during the pendency of this action and permanently from violation of plaintiffs' moral rights under the laws of countries foreign to the United States; and from copying, distributing, publishing, selling, marketing or otherwise disposing of any copies of the infringing motion picture, DVD's, videotapes, and all other formats, or any other product, use, or item which contains any copy or derivation of any of plaintiffs' above-referenced copyrights.

N)      That defendants and each of them be required to pay to plaintiffs such damages as plaintiffs have sustained in consequence of the defendants' violation of plaintiffs' foreign moral

rights and to account for all gains, profits, and advantages derived by defendants and each of

them by their violation of Plaintiffs' foreign moral rights or such damages as to this Honorable

Court shall appear proper and reasonable in the premises.

     O)    For attorney's fees.

     P)    For a permanent injunction

     Q)    For interest from the date of infringement at the legal rate according to proof.

On the Fifth Claim for Unjust Enrichment Against Defendants and Each of Them

     R)    For compensatory damages according to proof.


On the Sixth Claim for Unfair Trade Acts, Fraud, and Deceptive Practice Against Defendants

     S)    That defendants and each of them, their agents, and servants be enjoined during the

pendency of this action and permanently from unfair trade acts, fraud, and deceptive practices by

ordering a cessation from copying, distributing, publishing, selling, marketing or otherwise

disposing of any copies of the infringing motion picture, DVD's, CD's, videotapes, and all other

formats, or any other product, use, or item which contains any copy or derivation of any of

plaintiffs' above-referenced copyrights.

     T)    For compensatory damages according to proof, and that said amount be tripled

under the Louisiana Unfair Trade Practices Act.

On the Seventh Claim Against Defendants for Misappropriation of Mr. Rodrigue's Compositions and Sound Recordings Without Consent)

      U)      That defendants and each of them pay plaintiffs an amount deemed just, proper, and reasonable in the premises by this Honorable Court to compensate plaintiffs for the unjust misappropriations, fraud, and unfair trade practices, and that that amount be tripled under the Louisiana Unfair Trade Practices Act.

      V)   For other compensatory damages according to proof.

On the Eighth Claim for Accounting Against Defendants and Each of Them

      For an accounting.

On all claims

      W)    For all costs of these proceedings.

      X)    For all and such other legal and equitable relief as is just and proper.

**DEMAND FOR TRIAL BY JURY**

      Plaintiffs demand a trial by jury on all issues.

-29-

**RESPECTFULLY SUBMITTED,**


**ROBERT J. LANDRY, APLC**
**BAR. NO. 07996**
**320 N. CARROLLTON AVENUE**
**SUITE 200**
**NEW ORLEANS, LA. 70119**
**PHONE: (504) 483-3400**
**FAX:      (504) 483-3447**
**ATTORNEY FOR PLAINTIFFS**


**DAVID A. DALIA, BAR NO. 1320**
**SUITE 1800**
**FIRST NATIONAL BANK**
**OF COMMERCE BUILDING**
**210 BARONNE STREET**
**NEW ORLEANS,  LOUISIANA 70112**
**(504)  525-4361**
**FAX: 525-4380**
**E-MAIL: david@dalia-law.com**
**ATTORNEYS FOR PLAINTIFF**


-30-